# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

BENJAMIN PRENTICE and SOPHIA FRANCIS, :
:
Plaintiffs, :
:
v. : CIVIL ACTION NO. 13-56
:
OFFICEMAX NORTH AMERICA, INC. : JUDGE MANNION
:
Defendant. :

## MEMORANDUM[1]

Before the Court is the defendant OfficeMax North America, Inc.'s ("OfficeMax") motion to dismiss. (Doc. 2). The plaintiffs Benjamin Prentice and Sophia Francis (collectively "Plaintiffs"), filed a brief in opposition, (Doc 5), and OfficeMax filed a reply brief, (Doc. 6). For the reasons set forth below, the court will grant the motion.

### I. BACKGROUND

Plaintiffs filed a complaint in the Superior Court of the Virgin Islands on August 14, 2012.[2] On May 6, 2013, Plaintiffs filed a summons, (Doc. 3-2),

---

[1] By endorsed order dated October 18, 2019, this case was reassigned to the undersigned judge.

[2] Although the complaint is dated June 28, 2012, it was not filed until August 14, 2012. *See* Doc. 3, at 2; Doc. 3-1.

and on May 16, 2013, the Superior Court issued the summons and complaint upon OfficeMax, (Doc. 3-3). On June 3, 2013, OfficeMax removed the action to this court, (Doc. 1), and immediately filed the instant motion, seeking dismissal of the complaint on the grounds that Plaintiffs had not timely effected service of process.

Plaintiffs center their opposition on inadvertence, arguing that Diane Rawlins, the legal assistant of Plaintiffs' counsel, "unfortunately failed to serve the [OfficeMax] and had not tasked the Complaint to keep track of the deadline resulting in the Court deadline to serve [OfficeMax] in this matter expiring." (Doc. 5, at 2). Plaintiffs explain that it was not until February 24, 2013, that Rawlins discovered that she had not filed the appropriate paperwork. (Doc. 5-3, at 2). Plaintiffs contend that, as soon as they recognized the missed deadline, they filed a motion for extension of time to serve OfficeMax *nunc pro tunc*.[3] (Doc. 5-4). However, the record is unclear

---

[3] Plaintiffs attached this motion to their brief. (Doc. 5-4). However, as OfficeMax points out—despite referring to case number Civil No. SX-12-CV-317, which was the case number originally assigned to this matter in the Superior Court—the motion was actually filed in a separate Superior Court case bearing the number Civil No. 2009-005. OfficeMax states that it "contacted the Clerk's Office of the Superior Court and court personnel indicated that the docket in the matter bearing Civil No. SX-12-CV-137 (the case in which the June 28th Complaint was filed) does not include the Motion for Leave to Serve Out of Time that Plaintiffs attached to their Opposition as Exhibit 4." (Doc. 6, at 3 n.1).

as to whether the Superior Court in fact granted that motion prior to May 16, 2013, when Plaintiffs served OfficeMax.

Plaintiffs also argue that even if they technically missed the deadline for service, the court should exercise its discretion and deny the motion to dismiss because "[OfficeMax] was served within the statute of limitations and suffered no prejudice, virtually all relevant depositions were completed in the prior action[4] and the case is virtually ready for trial." (Doc. 5, at 4).

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(5), an action may be dismissed if a plaintiff fails to effectuate proper service of process. Plaintiffs bear the burden of establishing proper service. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir. 1993). A plaintiff who

---

[4] Plaintiffs had previously filed an action in this court in *Prentice v. OfficeMax North America, Inc.*, No. 1:09-cv-05, wherein they alleged several counts of employment discrimination, as well as claims for breach of duty of good faith and fair dealing, wrongful discharge, and intentional infliction of emotional distress. (No. 1:09-cv-05, Doc. 1). On March 15, 2012, the court granted OfficeMax's motion for summary judgment as to Plaintiffs' federal claims but denied the motion as to the remaining state law claims. (No. 1:09-cv-05, Doc. 205). The court declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed the case without prejudice. Plaintiffs sought reconsideration, which the court denied on April 16, 2012. (No. 1:09-cv-05, Doc. 210).

commences an action is required to effect service within 120 days[5] of filing the complaint. See Fed.R.Civ.P. 4(m). If a defendant is not served within 120 days of the filing of the complaint, the court—on motion or on its own after notice to the plaintiff—must dismiss the action against that defendant or order that service be made within a specified time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. *Id.*

Courts consider three factors in assessing good cause: "(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecomms. Corp. v. Teleconcepts, Inc.,* 71 F.3d 1086, 1097 (3d Cir. 1995). In the absence of good cause, "the district court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir. 1995). However, in exercising this discretion the court must assess

---

[5] Rule 4(m) was amended on December 1, 2015, after Plaintiffs filed their complaint. That amendment reduced the time allowed for service to 90 days. See Fed.R.Civ.P. 4(m). Because Plaintiffs filed their complaint before Rule 4(m) was amended, however, the Court will apply the prior version of Rule 4(m).

Parenthetically, the time limit for service under the local rules of the Virgin Islands has remained 120 days and, thus, under both the local and federal rules, Plaintiffs had 120 days to effect service. See Fed.R.Civ.P. 4(m); V.I.R.Civ.P. 4(m).

- 4 -

whether "any other factors warrant extending time," including whether the statute of limitations would bar the plaintiff's claims if the action were dismissed, whether the defendants acted evasively to avoid service, and whether the plaintiff is represented by counsel. *Veal v. United States*, 84 Fed.App'x 253, 256 (3d Cir. 2004); *see also Mathies v. Silver*, 450 Fed.App'x 219, 222 (3d Cir. 2011).

As admitted in Plaintiffs' brief, they fell well short of the time limit to effect service. The complaint was filed on August 14, 2012, which meant that Plaintiffs had until December 12, 2012, to serve OfficeMax. Plaintiffs failed to do so, and it was not until over two months later that they purportedly filed the motion requesting an extension of time for service.

Plaintiffs' counsel avers that the reason Plaintiffs did not serve OfficeMax within the 120-day time limit is that Plaintiffs' counsel's legal assistant was not diligent in keeping track of the deadline for effecting service. However, the assistant's mistake does not constitute good cause such that the court is required to extend the deadline for Plaintiffs to serve OfficeMax. Good cause requires

> *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking enlargement *and* some reasonable basis for noncompliance within the time specified is normally required.

*Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1995) (internal quotation marks omitted) (emphasis in original). Numerous courts have explained that the failure to meet a deadline—even if by way of honest oversight—does not, in itself, constitute good cause. *See, e.g.*, *Petrucelli*, 46 F.3d at 1307 ("Even when delay results from the inadvertence of counsel, it need not be excused."); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) ("A showing of 'good cause' within the meaning of Rule 4(j)[6] therefore contemplates more than a simple averment that counsel inadvertently forgot about the time limit that the rule imposes.").

Further, Plaintiffs' efforts to serve were not reasonable. Plaintiffs waited more than six months to take any action towards effecting service after the complaint was filed. Although they, in what appears to be a disorganized attempt to correct the mistake, filed a motion seeking an extension of time, they did so, apparently in a case bearing the wrong caption number. Moreover, Plaintiffs' counsel did not make any attempt to notify OfficeMax of the litigation at any point prior to May 16, 2013, when OfficeMax was ultimately served. *See* Doc. 6, at 7. *Cf. Farren v. Sessions*, No. 18-4793, 2019 WL 3714485, at *4 (E.D.Pa. Aug. 6, 2019) (finding reasonable efforts

---

[6] Rule 4 was amended in 1993, and Rule 4(j) was recodified as Rule 4(m). *See Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

to serve where there were "repeated and consistent attempts to effectuate service").

As to whether the statute of limitations will bar Plaintiffs' claims if this action is dismissed, the Third Circuit has instructed the following:

> Normally, dismissing [a] case without prejudice or extending the time for service will have the same practical effect, assuming that the statute of limitations has not run. In either event, the plaintiff has the opportunity at the proverbial "second bite." If the case is dismissed, the plaintiff simply has to refile the complaint and thus becomes entitled to a new 120 day period within which to effect service of process. Similarly, if an extension of time is granted, then the plaintiff has the opportunity to effect service within the new time limit imposed by the court. The situation changes dramatically, however, when a case is dismissed, even without prejudice, and the statute of limitations has run. . . . Thus, assuming good cause, dismissing a case without prejudice is not an appropriate remedy after the statute of limitations has lapsed.

*Petrucelli*, 46 F.3d at 1304 n.6 (3d Cir.1995).

In this case, the statute of limitations has run on each of Plaintiffs' claims. Thus, at least in the typical scenario, if the complaint were dismissed, Plaintiffs would need to file a new action, at which point the claims would be barred by the statute of limitations. Here, however, Plaintiffs filed an identical action in the Superior Court on June 4, 2013, apparently after recognizing their failure to perfect service in this suit. That case was removed to this court

on June 27, 2013 and remains pending in this court against OfficeMax. *See Prentice v. OfficeMax North America, Inc.*, 1:13-cv-71. As a result, even with dismissal of this action, Plaintiffs still have the opportunity to litigate the merits of their claims in their companion suit. Accordingly, dismissal of this case is appropriate.[7]

### III. CONCLUSION

For the foregoing reasons, the court will grant OfficeMax's motion to dismiss. ([Doc. 2](#)). An appropriate order will issue.

s/*Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 13, 2020**
13-56-01

---

[7] The court notes that OfficeMax moved for fees and costs in its reply brief. (Doc. 6, at 9-11). However, the court declines to consider arguments raised for the first time in a reply brief. *See [In re Blackrock Mut. Funds Advisory Fee Litig.](#), 327 F.Supp.3d 690, 736 n.42 (D.N.J. 2018)* ("[C]ourts ordinarily decline to consider arguments raised for the first time in a reply brief.").