DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| BENJAMIN PRENTICE and SOPHIA FRANCIS, | : |
| Plaintiffs, | : |
| v. | : CIVIL ACTION NO. 1:13-56 |
| OFFICEMAX NORTH AMERICA, INC. | : JUDGE MANNION |
| Defendant. | : |

**MEMORANDUM**[1]

Presently before the court is the defendant OfficeMax North America, Inc.'s ("OfficeMax") motion for attorneys' fees against Plaintiffs' counsel Attorney Lee Rohn. (Doc. 23). For the reasons set forth below, the motion will be **DENIED**.

**I.   BACKGROUND**

In February 2009, Plaintiffs Benjamin Prentice and Sophia Francis filed a six-count complaint against OfficeMax in this court alleging discrimination claims in violation of Title VII, and Title X of the Virgin Islands Code, as well as territorial law claims for breach of the duty of good faith and fair dealing,

---

[1] By endorsed order dated October 18, 2019, this case was reassigned to the undersigned judge.

wrongful discharge, intentional infliction of emotional distress, and punitive damages. See Prentice v. OfficeMax, No. 1:09-cv-0005, Doc 1. OfficeMax indicates that the parties conducted extensive discovery in that matter. Ultimately, on March 15, 2012, the court granted OfficeMax's motion for summary judgment as to the claims of discrimination and infliction of emotional distress, but denied it as to the claims of wrongful discharge, breach of duty, and the request for punitive damages. (No. 1:09-cv-0005, Doc 205). The court declined to exercise supplemental jurisdiction over the remaining territorial claims on which it declined to enter summary judgment and therefore dismissed them without prejudice to refile in the Superior Court of the Virgin Islands.

Plaintiffs sought reconsideration of that decision, (No. 1:09-cv-0005, Doc 207), which OfficeMax opposed, (No. 1:09-cv-0005, Doc 208); however, the court denied reconsideration on April 16, 2012. (No. 1:09-cv-0005, Doc 210).

On August 14, 2012, Plaintiffs filed the Complaint in the instant case in the Superior Court of the Virgin Islands, raising the two territorial claims over which this court declined supplemental jurisdiction. Plaintiffs sought an extension of time to effect service of process outside of the time limit, (Doc. 5-4), but did not serve OfficeMax with a copy of that motion until May 16, 2013. As the court noted in its prior memorandum, on May 6, 2013, Plaintiffs

- 2 -

filed a summons, (Doc. 3-2), and on May 16, 2013, the Superior Court issued the summons and complaint upon OfficeMax, (Doc. 3-3).

OfficeMax states that, only upon preparing to remove the action to this court did it learn that the Complaint had been filed approximately nine months prior, in August. OfficeMax then removed the action to this court on June 3, 2013, (Doc. 1), and immediately filed a motion to dismiss, seeking dismissal of the Complaint on the grounds that Plaintiffs had not timely effected service of process.

Prior to responding to the motion to dismiss, however, Plaintiffs filed yet another complaint, identical to that of the instant case, in the Superior Court on June 5, 2013, and served OfficeMax on June 7, 2013. OfficeMax again removed the case. *See* No. 1:13-cv-0071, Doc 1.

Plaintiffs then filed an opposition to the motion to dismiss in the present case, arguing that the legal assistant of Plaintiffs' counsel, "unfortunately failed to serve the [OfficeMax] and had not tasked the Complaint to keep track of the deadline resulting in the Court deadline to serve [OfficeMax] in this matter expiring." (Doc. 5, at 2). Plaintiffs explained that it was not until February 24, 2013, that her assistant discovered that she had not filed the appropriate paperwork. (Doc. 5-3, at 2). As soon as Plaintiffs recognized the missed deadline, they filed a motion for extension of time to serve OfficeMax

- 3 -

*nunc pro tunc.*[2] (Doc. 5-4). The record, however, is unclear as to whether the Superior Court in fact granted that motion prior to May 16, 2013, when Plaintiffs served OfficeMax—likely because the motion was filed in the wrong case. OfficeMax asserts that the court did not, and that Plaintiffs proceeded to effect service on OfficeMax despite not having received a ruling on her *nunc pro tunc* motion.

On April 13, 2020, this court granted OfficeMax's motion to dismiss and closed the case. (Doc. 19). On April 27, 2020, OfficeMax filed the present motion, (Doc. 23), and a brief in support, (Doc. 22). Plaintiffs filed a brief in opposition on May 11, 2020. (Doc. 24). OfficeMax filed a reply brief on May 25, 2020, (Doc. 25).

---

[2] Plaintiffs attached that motion to their brief. (Doc. 5-4). However, as OfficeMax points out—despite referring to case number Civil No. SX-12-CV-317, which was the case number originally assigned to this matter in the Superior Court—the motion was actually filed in a separate Superior Court case bearing the number Civil No. 2009-005. OfficeMax states that it "contacted the Clerk's Office of the Superior Court and court personnel indicated that the docket in the matter bearing Civil No. SX-12-CV-137 (the case in which the June 28th Complaint was filed) does not include the Motion for Leave to Serve Out of Time that Plaintiffs attached to their Opposition as Exhibit 4." (Doc. 6, at 3 n.1).

II. **DISCUSSION**

Although styled as a motion for attorneys' fees, OfficeMax actually seeks sanctions as well as attorneys' fees against Attorney Rohn pursuant to 28 U.S.C. §1927. Under Section 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. §1927. The Third Circuit has indicated,

> Section 1927 requires a court to find an attorney has (1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct. [T]he principal purpose of sanctions under §1927 is the deterrence of intentional and unnecessary delay in the proceedings.

*Ferguson v. Valero Energy Corp.*, 454 Fed.App'x. 109, 112 (3d Cir. 2011) (internal citations and quotations omitted). Moreover, the attorney is entitled to notice, and the opportunity to be heard before imposing sanctions. *See id.* at 114. Significantly, "[T]he principal purpose of sanctions under §1927 is the deterrence of intentional and unnecessary delay in the proceedings." *Id.* at 112. (internal quotation marks omitted).

Unlike Rule 11, Section 1927 requires a finding of bad faith. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir.1987). Additionally, Section 1927 "authorizes only the imposition of costs and expenses that result from the particular misconduct the court sanctions" but limits these costs and expenses to those that could be taxed to a losing party under 28 U.S.C. §1920. *Id.* at 1264-65.

It is indisputable that Attorney Rohn multiplied the proceedings by filing two identical lawsuits in the Superior Court which OfficeMax twice removed to federal court. As OfficeMax observes, this "multiplication of proceedings could have been avoided had Attorney Rohn not [] disregarded the import of proper and timely service in the present case, and if she had performed the minimum good faith effort for serving OfficeMax." (Doc. 22, at 8). And as the court observed in its prior memorandum, Attorney Rohn went about attempting to correct her failure to effect timely service in a disorganized and inept manner, initially, by serving OfficeMax without awaiting a decision on her motion for leave to file out of time[3] and, secondly, by filing a second identical case in the Superior Court.

---

[3] As noted *supra* note 2, Attorney Rohn was also exceedingly careless by filing the motion for leave in the wrong case. Had she taken the appropriate steps to ascertain the status of that motion before effecting service, she inevitably would have discovered her filing error.

- 6 -

Attorney Rohn responds by blaming OfficeMax for declining to waive service. *See* Doc. 24, at 8 ("Office Max [sic] could have, in the interest of justice and expediency, waived the service of process requirement and bypassed the need to file its motion to dismiss and for the plaintiffs to file another case, 13-71."). Equally inexcusably, Attorney Rohn attempts to blame her legal assistant for "fail[ing] to follow procedure and task herself to serve the Defendant." (Doc. 24, at 4).

Thus, it would appear that Attorney Rohn fails to appreciate the inadequacy of her conduct. It is beyond peradventure, however, that all blame with respect to the Plaintiffs' failure to litigate this case in accordance with the applicable rules of civil procedure, be they territorial or federal, rests squarely with Attorney Rohn. "Even if [Attorney Rohn] is correct that [her] assistant dropped the ball, the misstep of one's staff is neither an explanation nor an excuse for professional deficiencies. An attorney may not excuse errors in matters or pleadings for which [s]he is responsible by throwing [her] staff under the bus." *In re Thomas*, 612 B.R. 46, 67 (Bankr.E.D.Pa.2020). Needless to say, all of these issues, including the present motion, could have been prevented by Attorney Rohn simply abiding by the appropriate rules of civil procedure, as attorneys are expected to do.

Nevertheless, the court cannot agree that Attorney's Rohn's conduct is an "instance[] of a serious and studied disregard for the orderly process of

justice" meriting sanctions pursuant to Section 1927. *Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir.1986). Although OfficeMax urges that Attorney Rohn's "flagrant disregard of the Federal Rules of Civil Procedure constitutes the willful bad faith required under §1927," the record simply does not support the notion that Plaintiffs' counsel's conduct was a result of bad faith rather than bad judgment or perhaps a great deal of carelessness. There is, for example, no evidence that Attorney Rohn's motive was harassment or intentional delay. *See Ford*, 790 F.2d at 347 ("In our view, what would be indicative of bad faith in a case such as this one, would be some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, e.g., harassment or delay."). In the absence of evidence of bad faith, the court will deny the motion.[4]

---

[4] Attorney Rohn devotes much of her brief to arguing that Rule 11 sanctions should not apply; however, OfficeMax has clearly moved for sanctions pursuant to Section 1927 which, contrary to Attorney Rohn's belief, it is entitled to do. *See Ford*, 790 F.2d at 350 (affirming in part a district court's decision granting a motion for attorneys' fees pursuant to Section 1927).

### III. CONCLUSION

For the foregoing reasons, OfficeMax's motion for attorneys' fees, (Doc. 23), is **DENIED**. An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 29, 2021**
13-56-02